UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/6/2026
```

TRESTON IRBY,

                Plaintiff,

-against-

RN'D DISTRIBUTION LLC and DISTROKID LLC,

                Defendants.

1:25-cv-3355-MKV

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint, which asserts claims against Defendant RN'D Distribution LLC ("RND") for breach of a prior settlement agreement and violation of the Lanham Act [ECF No. 1 ("Compl.")].  Plaintiff thereafter filed proof of service on RND [ECF No. 15].  RND, however, has never appeared in this action.

Plaintiff obtained a Clerk's Certificate of Default and filed a motion for a default judgment together with supporting papers [ECF Nos. 25, 27, 28, 29, 30, 31].  *See* Fed. R. Civ. P. 55; *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (explaining the two-step procedure for obtaining a default judgment). After carefully reviewing Plaintiff's submissions, the Court scheduled a hearing on Plaintiff's motion [ECF No. 35].  Plaintiff thereafter filed proof of service of the Court's Order scheduling the hearing [ECF No. 37].

On January 5, 2026, the Court held the hearing on Plaintiff's motion for a default judgment. RND did not appear.  As set forth on the record at the hearing, Plaintiff adequately states a claim in the Complaint for breach of contract under New York law, which governs his prior settlement agreement with RND [ECF No. 1 at 49–52 (the "Settlement Agreement") at 3].  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (explaining that on a motion for a default judgment, a court must accept as true the factual allegations in the complaint and

1

determine whether they state a claim); *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52, 198 N.E.3d 1282, 1287 (2022) (describing the elements of breach of contract under New York law); Compl. ¶¶ 10, 11, 20–22.  Plaintiff also states a claim for trademark infringement under the Lanham Act.  *See 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 407 (2d Cir. 2005); Compl. ¶¶ 27–29; *id.* at 4–5.  Plaintiff has further established, with evidence, his entitlement to damages in the amount of $50,958.99 [ECF No. 30 ("Irby Aff.") ¶¶ 17, 26, 41–43].  *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009); *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 471 (S.D.N.Y. 2011), *aff'd sub nom. GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 558 F. App'x 116 (2d Cir. 2014).

Accordingly, for the reasons set forth on the record at the January 5, 2026 hearing and in Plaintiff's submissions, the motion for a default judgment [ECF No. 27] is GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered against RN'D Distribution LLC on Plaintiff's claims for breach of contract and violation of the Lanham Act, *see* Compl. ¶¶ 19–23, 24–37, in the amount of $50,958.99.  The Court further awards Plaintiff post-judgment interest at the statutory rate and costs in the amount of $705.00.  *See* 28 U.S.C. § 1961; 15 U.S.C. § 1117(a).

The Clerk of Court respectfully is requested to enter judgment, terminate all open motions, and close this case.

**SO ORDERED.**

**Date:  January 6, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**